## JEBB REALTY SERVICE CO v. McINTOSH.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Turney & Sipe, Cleveland, for Realty Service Co.

Ralph Stickle, Cleveland, for McIntosh.

**1002. RECEIVERS.**

1. Request for, may be made by supplemental petition or by motion.

2. Appointment of, is statutory.

3. Under 11894 GC., cannot be appointed in action for money only.

4. Cannot be appointed where plaintiff's legal remedy is by attachment.

**VICKERY, J.**

1. Although petition may not ask for appointment of a receiver, request therefor may be made either by a supplemental petition or by a motion with proper notice and affidavit.

2. The appointment of a receiver is statutory, and one can only be appointed in cases where the statute authorizes it.

3. Under Section 11894 GC., a receiver cannot be appointed in an action for money only, where there is no prayer for equitable relief.

4. In action against a corporation to recover a money judgment, court under Section 11894 GC., was unauthorized to appoint a receiver to take possession of defendant's assets, consisting only of accounts due, where plaintiff's legal remedy, if defendant attempted to do away with its property, was by attachment.

(Levine, PJ. and Sullivan, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## KUSHMEDER et v. OVERTON.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Day, Corrigan & Day, Cleveland for Kushmeder.

Gurney & Gurney, Cleveland for Overton.

**563. FAUDULENT CONVEYANCES—480. Evidence.**

1. In suit to set aside deed from husband to wife, evidence that, at time of transfer, negotiations for settlement of personal injury action had taken place to defendant's knowledge, held properly stricken.

2. Such deed, executed before bringing personal injury suit, should not be set aside.

3. Fraud never presumed, but must be proven.

**362. DEBTOR AND CREDITOR—118. Automobiles.**

1. Automobile accident does not establish one causing accident as debtor.

2. Relationship of debtor and creditor determined by date on which judgment for injuries is rendered.

**SULLIVAN, J.**

1. In suit to set aside deed from husband to wife as executed in fraud of creditors, evidence that, at time of transfer, negotiations for settlement of personal injury action by plaintiff against defendant had taken place to defendant's knowledge, held properly stricken, in absence of showing that relation of debtor and creditor existed between plaintiff and defendant.

2. Automobile accident does not in itself establish one causing accident as debtor, when opposite conclusion might be equally made.

3. Relationship of debtor and creditor between parties to automobile accident is determined by date on which judgment for injuries is rendered.

4. Plaintiff recovering judgment in personal injury action against defendant held not entitled to set aside deed from defendant to wife executed before bringing personal injury suit under allegations of petition that deed on date thereof was executed to defraud creditor.

5. Fraud is never presumed, but must be proved by strong and convincing evidence.

(Levine, PJ. and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

# SYLLABI
# Ohio Supreme Court

## STATE v. POPOVICH.

Ohio Supreme Court.

No. 20890. Decided March 14, 1928.

Exceptions to Tuscarawas Common Pleas.

Exceptions sustained.

**396. DIRECTED VERDICTS—333. Criminal Law—629. Indictments.**

Where indictment charges specific violation of law, and evidence offered by state tends to support such charge, error for trial court to direct verdict of not guilty, notwithstanding fact that no evidence is offered tending to establish further charge in indictment that offense committed is third offense of like kind by accused.

**KINKADE, J.**

When an indictment charges a specific violation of law, and evidence offered by the state tends to support the allegations of the indictment, it is error for the trial court to withdraw such evidence from the consideration of the jury and direct a verdict of not guilty in favor of the accused, notwithstanding the fact that no evidence is offered on behalf of the state tending to establish a further charge in the indictment that the offense committed is the third offense of like kind by the accused.

(Marshall, CJ., Day, Allen, Robinson and Matthias, JJ., concur.)